UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RICKY WEISENBERG, by and through his
guardians, ELLEN AND HARVEY WEISENBERG,

                 Plaintiff,

        v.

DWAYNE EDWARDS, NYSARC INC – NASSAU
COUNTY CHAPTER D/B/A AHRC NASSAU,

                 Defendants.

Index No. 12-CIV-4874
(SJF)(ETB)


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**


Ilann M. Maazel
O. Andrew F. Wilson
Emery Celli Brinckerhoff & Abady LLP
75 Rockefeller Plaza, 20th Floor
New York, New York 10019
(212) 763-5000

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

**PAGE NO.**

TABLE OF AUTHORITIES ............................................................................................ii-iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF RELEVANT FACTS ...........................................................................3

ARGUMENT .....................................................................................................................6

I.     AHRC CANNOT PRECLUDE DISCOVERY PURSUANT TO THE
CLAIMED STATE PRIVILEGE ON MATTERS THAT WERE
ALREADY DISCLOSED PURSUANT TO STATE LAW ..................................6

II.    DISCLOSURE OF THE AHRC INVESTIGATION MATERIALS
SERVES PLAINTIFF'S INTEREST IN VINDICATING THE
FEDERAL CIVIL RIGHTS OF A DEVELOPMENTALLY DISABLED
INDIVIDUAL, AND DEFENDANT FAILS TO MEET ITS BURDEN
TO BAR CRITICAL DISCOVERY IN A FEDERAL COURT ACTION
BROUGHT PURSUANT TO FEDERAL LAW.....................................................9

    A.    Legal Standard .........................................................................................9

    B.    Much of the Discovery Plaintiff Seeks Does Not Even Arguably
Implicate the Claimed Privilege.............................................................11

    C.    Defendant Makes No Showing That Disclosure Would Frustrate the
Purpose Underlying the Claimed Privilege or Harm Any Protected
Interests – And It Would Not...................................................................12

    D.    All of Defendant's Authorities Are Distinguishable and
Inapposite ................................................................................................15

III.   DEFENDANT'S RESPONSES TO THE REQUESTS TO ADMIT
NO. 12 & NOS. 14-25 SHOULD BE DEEMED ADMITTED ...........................16

CONCLUSION.................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

<u>PAGE NO.</u>

<u>Cases</u>

*Braithwaite v. State,*
    208 A.D.2d 231 (N.Y. App. Div. 1st Dep't 1995) ......................................................... 15

*CSC Holdings, Inc. v. Kelly,*
    374 F. Supp. 2d 303 (E.D.N.Y. 2005) ........................................................................ 18

*Diederich v. Dep't of Army,*
    132 F.R.D. 614 (S.D.N.Y. 1990) ........................................................................... 16-17

*DiNicola v. Frontline Asset Strategies,*
    279 F.R.D. 214 (E.D.N.Y. 2012) ................................................................................ 17

*Elmer v. State of N.Y.,*
    179 A.D.2d 1000, (N.Y. App. Div. 4th Dep't 1992) .................................................. 16

*Finnegan v. State of N.Y.,*
    179 Misc. 2d 694 (N.Y. Ct. Cl. 1999) ................................................................... 15, 16

*Freydl v. Meringolo,*
    No. 09 Civ. 7196, 2011 WL 2566079 (S.D.N.Y. June 16, 2011) ................................. 18

*In re Grand Jury Subpoena Duces Tecum,*
    272 A.D.2d 214 (N.Y. App. Div. 1st Dep't. 2000) ...................................................... 14

*Katherine F. v. State of N.Y.,*
    257 A.D.2d 539 (N.Y. App. Div. 1st Dep't 1999) ...................................................... 15

*King v. Conde,*
    121 F.R.D. 180 (E.D.N.Y. 1988) ............................................................................ 9, 10

*Kristen K. v. Children's Hosp. of Buffalo,*
    204 A.D.2d 1009 (N.Y. App. Div. 4th Dep't 1992) ................................................... 16

*Lizotte v. N.Y.C. Health & Hosps., Corp.,*
    No. 85 Civ. 7548, 1989 WL 260217 (S.D.N.Y. Nov. 29, 1989) .................................. 10

*Melendez v. Greiner,*
    No. 01 Civ. 7888, 2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003) ................................ 10

*Nimkoff v. Dollhausen,*
    262 F.R.D. 191 (E.D.N.Y. 2009) .............................................................................. 10

*Pal v. New York Univ.*,
    No. 06 Civ. 5892, 2007 WL 4358463 (S.D.N.Y. Dec. 10, 2007)................................ 7, 10

*Ryan v. Staten Island Univ. Hosp.*,
    No. 04 Civ. 2666, 2006 WL 1025890 (E.D.N.Y. April 13, 2006) ...................... 10, 11, 12

*Sabharwal v. Mount Sinai Med. Ctr.*,
    No. 09 Civ 1950, 2011 WL 477693 (E.D.N.Y. Feb. 4, 2011)......................................... 13

*Stabile v. United Recovery Svcs.*, *L.P.*,
    No. 11 Civ. 1152, 2011 WL 6448189 (E.D.N.Y. Dec. 22, 2011) ................................... 17

*U.S. v. Young*,
    No. 87 Civ. 9159, 1990 WL 135734 (S.D.N.Y. Sept. 10, 1990)................................... 17

*White v. N.Y.C. Health & Hosps. Corp.*,
    No. 08 Civ. 7536, 1990 WL 33747 (S.D.N.Y Mar. 19, 1990) .................................. 10, 14

## **Rules and Regulations**

29 U.S.C. § 974 ............................................................................................................. 4

42 U.S.C. § 1396 ........................................................................................................... 4

Fed. R. Civ. P. 26(a) ..................................................................................................... 2

Fed. R. Civ. P. 26(b) ..................................................................................................... 9

Fed. R. Civ. P. 36(a) ............................................................................................. *passim*

Medicaid Act, 42 U.S.C. § 1320 ................................................................................... 4

N.Y. C.P.L.R. § 3101 .................................................................................................. 14

N.Y. Educ. Law § 6527 ........................................................................................ *passim*

N.Y. Mental Hygiene Law § 29.29 ................................................................................ 6

N.Y. Mental Hygiene Law § 33.23 ........................................................................ *passim*

N.Y. Mental Hygiene Law § 33.25 ........................................................................ *passim*

N.Y. Pub. Health Law § 2805-m ................................................................................ 10

Section 504 of the Rehabilitation Act of 1973 ............................................................. 4

## **Other Authorities**

Division of the Budget Bill Memorandum, Bill Jacket, L. 2007, ch. 24 ........................ 8

Plaintiff Ricky Weisenberg, by and through his guardians Ellen and Harvey

Weisenberg, submits this Memorandum of Law in opposition to Defendant AHRC Nassau's

Motion for a Protective Order (Dkt. 27).

## PRELIMINARY STATEMENT

In this federal civil rights action, Defendant AHRC seeks to bar inquiry into its

investigation that substantiated the allegations that its employee, Defendant Dwayne Edwards,

abused Plaintiff Ricky Weisenberg.  Although previously compelled to produce its investigatory

report pursuant to New York's Mental Hygiene Law, AHRC now seeks to avoid answering

Plaintiff's requests to admit, interrogatories and document requests concerning that same

investigation.  AHRC's reliance on New York Education Law § 6527(3) to bar this discovery

fails because state law privileges do not control federal civil rights cases and the core documents

concerning AHRC's investigation are discoverable – and have already been produced – pursuant

to New York's Mental Hygiene Law.  AHRC's nonsensical claim of privilege to prevent

discovery of information that is unrelated to the AHRC investigation, including documents that

pre-date the investigation such as personnel records and correspondence, also must fail.

This case is about the shocking mistreatment of Ricky Weisenberg, the son of

Ellen and Harvey Weisenberg, a New York State Assemblyman and one of the leading advocates

for the rights of the disabled.  Ricky Weisenberg is an adult with a severe developmental

disability.  Though fifty-four years old, he lives the life of a child.  He can smile and love.  But

Mr. Weisenberg cannot speak or cry.  He relies upon the support of others to take care of him.

And while in the care of AHRC Nassau, a private organization serving the disabled and regulated

by New York State, Mr. Weisenberg was subjected to physical and emotional abuse by AHRC

employee Dwayne Edwards.  This abuse was substantiated by AHRC after it investigated

complaints of the abuse in 2009.

1

Mr. Weisenberg's parents were able to obtain AHRC's investigative report ("AHRC Report") pursuant to New York's Mental Hygiene Law §§ 33.23 and 33.25 (also known as "Jonathan's Law"). The AHRC Report that the Weisenbergs obtained contained the names of staff members who witnessed Mr. Edwards's abuse of their son, descriptions of their detailed accounts of that abuse, and the conclusion that "the allegation of physical and psychological abuse [of Ricky Weisenberg] is substantiated."

Based on the AHRC report, and AHRC's initial disclosures pursuant to Fed. R. Civ. P. 26(a), the Weisenbergs propounded several discovery requests in this action concerning the AHRC investigation. For example, the Weisenbergs asked AHRC to admit that the AHRC Report concluded that "the allegation of physical and psychological abuse is substantiated," (Pl's Req. to Admit No. 6); they asked AHRC to identify the persons who "who prepared, were interviewed, reviewed or received the Investigation Report," (Pl's Interrogatory No. 2); and they asked that AHRC produce other documents concerning the author and contributors to the investigation. Pl's Doc. Request No. 2. But rather than admit what is now known to be true, identify the witnesses they have already disclosed, or produce documents that are known to exist, AHRC wants to hide this evidence under the cloak of New York's Education Law § 6527(3). AHRC's gambit fails.

Defendant cannot preclude disclosure of the underlying investigation materials regarding the abuse perpetrated against Mr. Weisenberg at AHRC Nassau ("the AHRC investigation materials") by invoking a qualified state law privilege. First, the privilege no longer applies here, since the AHRC Report was disclosed to the Weisenbergs pursuant to Jonathan's Law before this lawsuit was even filed. And even if the privilege remains for any underlying documents, it is substantially diluted and Plaintiff's interest in broad discovery easily

outweighs it.  Second, precluding disclosure of the AHRC investigation materials and AHRC Report would undermine the truth-seeking purposes and intended broad scope of federal discovery.  The AHRC investigation materials concern some of the cruelest types of abuse – that which targets a victim who is so vulnerable that he physically cannot tell of the abuse or seek protection from it on his own.  Plaintiff's interest in the disclosure of the full scope of the AHRC investigation materials is a compelling one – it will allow the Weisenbergs to prosecute this action and uncover what happened to their son.  Moreover, Defendant fails to meet its burden to establish that disclosure would harm the purpose of the privilege.  Vague, conclusory assertions of a theoretical "chilling" effect are not sufficient.  For all of these reasons, Defendant's motion to preclude discovery of the AHRC investigation materials and the AHRC Report fails.

Although it does not claim that privileged information is sought therein, Defendant also objects to Plaintiff's Requests to Admit Nos. 12 and 14-25 on the basis that the Requests compel legal conclusions or admissions of disputed facts.  Defendant's motion is moot.  These Requests are deemed admitted because Defendant failed to object or respond to them within thirty days of service.  Even if the Court were to excuse this failing for some reason, the Requests are proper because they seek admissions regarding Defendant's obligations under applicable law and compliance with quality assurance reporting standards – precisely the sort of information that Rule 36 contemplates may be the proper subject of notices to admit.  By seeking this information through notices to admit, the parties can avoid costly and time-consuming alternate forms of discovery.

## STATEMENT OF RELEVANT FACTS

Plaintiff Ricky Weisenberg previously resided at AHRC Nassau, a private organization serving the disabled and regulated by New York State.  While a resident there, Mr. Weisenberg was repeatedly abused by Defendant's employee, Dwayne Edwards.  Edwards

3

repeatedly struck Mr. Weisenberg just to see him flinch, jump, or cry out.  Edwards verbally abused Mr. Weisenberg: Edwards told Mr. Weisenberg to "shut the f*** up" and called him names like "f***ing jew" and the "Gurgitator."  There is no dispute that this horrific abuse occurred.  In 2009, AHRC Nassau conducted an investigation into the abuse perpetrated against Mr. Weisenberg; subsequently, AHRC Nassau substantiated the abuse.

Pursuant to New York's Mental Hygiene Law §§ 33.23 and 33.25, Mr. Weisenberg's parents obtained the AHRC Report about the abuse of their son.  Section 33.25(a) of New York's Mental Hygiene Law requires facilities like AHRC to produce to parents like the Weisenbergs "[r]ecords and documents pertaining to allegations and investigations into patient abuse or mistreatment."  The AHRC Report included the names of staff members who witnessed Mr. Edwards's abuse of their son, descriptions of their accounts of that abuse, and the conclusion that "the allegation of physical and psychological abuse [of Mr. Weisenberg] is substantiated." Complaint ¶ 17.

By complaint filed October 1, 2012, Plaintiff alleges that Defendants violated Ricky Weisenberg's rights under federal law, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 974 *et seq.*, the Medicaid Act, 42 U.S.C. § 1320 *et seq.*, and the Federal Nursing Home Reform Act, 42 U.S.C. § 1396 *et seq.*, as well as under the New York State and New York City Human Rights Laws.

In its Rule 26 initial disclosures, AHRC Nassau disclosed the names of twelve people who were likely to have discoverable information about Mr. Weisenberg's abuse – Ellen and Harvey Weisenberg, Defendant Edwards and the nine witnesses named in the AHRC Report.

By requests served on January 18, 2013, Plaintiff sought the following discovery from Defendant:

Plaintiff's Interrogatory No. 2

2.      Identify by name and title any persons who prepared, were interviewed, reviewed or received the investigation report.

*      *      *

Plaintiff's Document Requests Nos. 2-8

2.      All documents concerning the Incident, including, but not limited to, communications to, from or with the parties, Fabrizio Compagno, Genene Walker, Faith McGhee, and Carl Campbell.

3.      The employment file(s) of Dwayne Edwards, including any documents concerning the hiring, retention, discipline and firing of Dwayne Edwards.

4.      All documents concerning complaints, lawsuits, arbitrations, notices of discipline, demand letters, allegations of abuse, neglect or other misconduct, allegations of failing to meet professional standards or reportable incidents concerning Dwayne Edwards.

5.      All documents concerning Ricky Weisenberg.

6.      All documents concerning communications with Ellen and Harvey Weisenberg.

7.      All documents concerning the report concerning Incident #2771 (2009-006154-02).

8.      All documents concerning any discipline of Dwayne Edwards relating to his treatment of Ricky Weisenberg.

*      *      *

Plaintiff's Requests to Admit Nos. 4-11

4.      Admit that AHRC commenced an investigation into Dwayne Edwards's treatment of Ricky Weisenberg, Incident #2771 (2009-006154-02).

5.      Admit that AHRC prepared a report concerning the Investigation.

5

6.    Admit that the AHRC Investigation Report concluded that "the allegation of physical and psychological abuse is substantiated."

7.    Admit Dwayne Edwards physically abused Ricky Weisenberg.

8.    Admit Dwayne Edwards psychologically abused Ricky Weisenberg.

9.    Admit that Dwayne Edwards' substantiated abuse of Ricky Weisenberg occurred at an AHRC facility.

10.   Admit that Dwayne Edwards' substantiated abuse of Ricky Weisenberg occurred at 89 Wheatley Road Glen Head, NY 11545.

11.   Admit that Dwayne Edwards's substantiated abuse of Ricky Weisenberg occurred during Dwayne Edwards's shifts as a Direct Support Professional at AHRC.

Def. Mem., Ex. A.

After submission of pre-motion conference correspondence to the Court,

Defendant filed this motion on April 9, 2013.

**ARGUMENT**

**I.    AHRC CANNOT PRECLUDE DISCOVERY PURSUANT TO THE CLAIMED STATE PRIVILEGE ON MATTERS THAT WERE ALREADY DISCLOSED PURSUANT TO STATE LAW**

As an initial matter, AHRC fails to meet its burden for a protective order because

the matter it seeks to preclude from disclosure has already been disclosed.

Defendant seeks to preclude all discovery of the AHRC investigation materials

and to avoid responses to Plaintiff's pending discovery requests by invoking a qualified New

York state law statutory privilege ("the N.Y. Educ. § 6527(3) Privilege").  The N.Y. Educ. §

6527(3) Privilege addresses when, *inter alia*, proceedings and reports of an investigation of an

incident performed pursuant to N.Y. Mental Hygiene Law § 29.29 (in this case, the AHRC

6

investigation into the abuse of Ricky Weisenberg) may be protected from disclosure.  Section

6527 thus protects proceedings and records "relating to performance of a medical or a quality

assurance review function or participation in a medical . . . malpractice prevention program," as

well as "any report required by" Section 2805-1 of the Public Health Law.  *Pal v. New York

Univ.*, No. 06 Civ. 5892, 2007 WL 4358463, at *4 (S.D.N.Y. Dec. 10, 2007).  It states in relevant

part:

> Neither the proceedings nor the records relating to performance of a medical or a
> quality assurance review function or participation in a medical and dental
> malpractice prevention program nor any report required by the department of
> health pursuant to section twenty-eight hundred five-l of the public health law
> described herein, including the investigation of an incident reported pursuant to
> section 29.29 of the mental hygiene law, shall be subject to disclosure under
> article thirty-one of the civil practice law and rules except as hereinafter provided
> or as provided by any other provision of law.

N.Y. Educ. Law § 6527.

The N.Y. Educ. § 6527(3) Privilege has no application here because the AHRC

Report has already been disclosed to Ricky Weisenberg's parents pursuant to state law.  *See* Def.

Mem. at 2 (conceding that Weisenbergs received the "investigation reports" pursuant to

"Jonathan's Law").  On it face, the N.Y. Educ. § 6527(3) Privilege does not apply where

disclosure is "provided by other provisions of law."  Here, the AHRC Report was already

disclosed pursuant to an "other provision of law" ("Jonathan's Law") – before this lawsuit was

even commenced.  Where Plaintiff has already received the underlying report pursuant to New

York State law, there is no remaining privilege.  Any remaining corpus of documents in

Defendant's possession concerning the abuse of Ricky Weisenberg at AHRC must now be

produced.

To the extent that Defendant may argue that the N.Y. Educ. § 6527(3) Privilege

survives even after the AHRC Report was disclosed pursuant to Jonathan's Law, there can be no

debate that the privilege is diluted and entitled to significantly less weight.  The conclusions of the AHRC Report are known, public and the core of this lawsuit – the veritable cat is out of the bag.  Permitting disclosure of the AHRC investigation materials (such as the names of those who prepared the AHRC Report, and any underlying documents pertinent to its production) is consistent with the very reason that the AHRC Report itself was produced to the Weisenbergs – to provide full disclosure about Ricky Weisenberg's abuse and the institutional response to it.

This conclusion is also consistent with the applicable legislative history. Defendant acknowledges that Jonathan's Law permits disclosure of the materials obtained by a recipient (such as the Weisenbergs) to a recipient's attorneys.  Def. Mem. at 3.  In passing Jonathan's Law, the New York legislature considered that, in some cases, investigative materials concerning allegations of abuse of individuals like Ricky Weisenberg would be used in the context of litigation.  The legislative history of Mental Hygiene Law §§ 33.23 and 33.25 makes clear that the law was intended to promote "access to information," notwithstanding concerns "that [it] could be used by plaintiffs/trial lawyers to advance malpractice/civil suits against providers and the State, thereby potentially exposing the State to significant fiscal impacts." Division of the Budget Bill Memorandum, Bill Jacket, L. 2007, ch. 24 at 47.

In sum, AHRC cannot assert a privilege to preclude discovery of information that has already been disclosed.  Moreover, any public policy concerns about the propriety of disclosing investigative documents (like the impact on other investigations) have already been weighed and determined by the legislature to be outbalanced by the need for parents to have access to the investigatory materials concerning their developmentally disabled children.

## II. DISCLOSURE OF THE AHRC INVESTIGATION MATERIALS SERVES PLAINTIFF'S INTEREST IN VINDICATING THE FEDERAL CIVIL RIGHTS OF A DEVELOPMENTALLY DISABLED INDIVIDUAL, AND DEFENDANT FAILS TO MEET ITS BURDEN TO BAR CRITICAL DISCOVERY IN A FEDERAL COURT ACTION BROUGHT PURSUANT TO FEDERAL LAW

Defendants point to no federal privilege that could justify essentially *re*-sealing the AHRC Report or shield the AHRC investigation materials from disclosure. None exists. Plaintiff's strong interest in vindicating the federal civil rights at issue far outweighs any hypothetical chilling effect on future investigations.

Defendant does not dispute that the information sought by Plaintiff is relevant and discoverable under Fed. R. Civ. P. 26(b)(1). The information sought will corroborate and develop Plaintiff's allegations, and identify key witnesses to the abuse suffered by Plaintiff, whose disability makes it difficult, if not impossible for him to be a witness on his own behalf. If Defendant is not required to disclose the information sought, civil rights violations of our most vulnerable citizens will be insulated from liability and the interests in broad discovery in federal actions will be undermined.

### A. Legal Standard

As an initial matter, where, as here, the gravamen of the complaint is a federal civil rights action, it is not state law concerning privilege that applies. Rather, "[q]uestions of privilege in federal civil rights cases are governed by federal law." *King v. Conde,* 121 F.R.D. 180, 187 (E.D.N.Y. 1988). Defendant asserts no privilege under federal law. While a federal court may consider whether to preclude discovery under a state law privilege as a matter of comity, federal law "disfavors privileges barring disclosure of relevant evidence" that "would often frustrate the important federal interests in broad discovery and truth-seeking." *Id.* (collecting cases). Federal courts must narrowly construe state law privileges, *see e.g.*, *Nimkoff v. Dollhausen*, 262 F.R.D. 191, 194 (E.D.N.Y. 2009); a party invoking state law privileges in a

federal civil rights proceeding bears a heavy burden to make a "substantial threshold showing" that there are "specific harms likely to accrue from disclosure of specific materials." *King*, 121 F.R.D. at 189-96; *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 WL 22434101, at *5 (S.D.N.Y. Oct. 23, 2003). The party asserting a state law privilege "must explain the reasons for nondisclosure with particularity, so that the court can make an intelligent and informed choice as to each requested piece of information." *Id*.

To avoid disclosure, Defendant has the "burden of establishing" that (a) "the information sought . . . was prepared in accordance" with the privileges, and (b) "the disclosure of such information would frustrate the purposes underlying the privileges." *Ryan v. Staten Island Univ. Hosp*., No. 04 Civ. 2666, 2006 WL 1025890, at *3 (E.D.N.Y. April 13, 2006). The party must show "*what interests* . . . would be harmed, *how* disclosure under a protective order would cause the harm, and *how much* harm there would be." *White v. N.Y.C. Health & Hosps. Corp.*, No. 08 Civ. 7536, 1990 WL 33747, at *6 (S.D.N.Y Mar. 19, 1990) (quotations omitted) (emphasis in original).

In light of this demanding standard, federal district courts analyzing the applicability of the N.Y. Educ. § 6527(3) Privilege (and related privileges such as under N.Y. Pub. Health Law § 2805-m) have routinely required disclosure to plaintiffs. *See Pal v. New York Univ.*, No. 06 Civ. 5892, 2007 WL 4358463, at *6 (S.D.N.Y. Dec. 10, 2007) (requiring disclosure of incident reports to permit plaintiff to prosecute civil rights action against hospital); *Lizotte v. N.Y.C. Health & Hosps., Corp.,* No. 85 Civ. 7548, 1989 WL 260217, at *2-6 (S.D.N.Y. Nov. 29, 1989) (directing disclosure of hospital incident reports and minutes of quality assurance committee meetings in civil rights action). The same conclusion as the courts reached in *Pal* and *Lizotte* should follow here.

10

**B.    Much of the Discovery Plaintiff Seeks Does Not Even Arguably Implicate the Claimed Privilege**

Defendant has failed to meet the first element of the requisite threshold showing for a protective order based on the N.Y. Educ. § 6527(3) Privilege – that a party seeking protection show that the disputed item was prepared in accordance with the privilege. *See Ryan*, 2006 WL 1025890 at *3.

Much of Plaintiff's requested discovery that is the subject of Defendant's motion has nothing to do with the N.Y. Educ. § 6527(3) Privilege. Many of Plaintiff's requests seek documents that are plainly non-privileged and information on subjects broader in scope than the AHRC investigation. *See*, *e.g.*, Request No. 2 ("documents concerning the Incident"); Request No. 5 ("documents concerning Ricky Weisenberg"); Request No. 6 ("documents concerning communications with Ellen and Harvey Weisenberg."). For other of Plaintiff's document requests, the privilege on its face has no application to the majority of the documents called for in the request. *See* Request No. 3 (employment file of Dwayne Edwards); Request No. 4 (complaints, lawsuits and similar documents concerning Dwayne Edwards). These requests seek documents that exist independent of any AHRC investigation and which are clearly relevant. The privilege asserted by Defendant could never block discovery of, for example, pre-existing complaints or disciplinary actions against Defendant Edwards, his personnel file, prior communications between AHRC and the Weisenbergs, and the like. Defendant should immediately withdraw its assertion of privilege with respect to the myriad requested documents that on their face have no relation to any claimed privilege.

Similarly, Request to Admit 7 ("Admit Dwayne Edwards physically abused Ricky Weisenberg.") and Request to Admit 8 ("Admit Dwayne Edwards psychologically abused Ricky Weisenberg.") do not seek any privileged information, and the privilege has no application to

11

these requests.  Defendant should be ordered to respond to them immediately since the Court's decision on whether the AHRC investigation materials are privileged will have no bearing on these two Requests.

      **C.**     **Defendant Makes No Showing That Disclosure Would Frustrate the Purpose Underlying the Claimed Privilege or Harm Any Protected Interests – And It Would Not**

Even if the Court assumes that *all* of the information sought was prepared in accordance with the privilege, Defendant still has failed to meet its burden.  With respect to the second element required to invoke the privilege, *see Ryan*, 2006 WL 1025890 at *3, Defendant never articulates how disclosure of the information sought from each of the enumerated interrogatories, notices to admit, and document requests would cause a specific measurable harm or frustrate the purpose of the privilege.  It would not.

Defendant claims that the purpose of the N.Y. Educ. § 6527(3) Privilege is to "enhance the objectivity of the review process and to ensure that medical review committees may frankly and objectively analyze the quality of health services rendered by hospitals."  Def. Mem. at 9.  Without any specificity to individual discovery demands, Defendant suggests that if "the court allow[ed] the Plaintiff to introduce in evidence the fact that  . . . there was in [sic] investigation, and that an investigator found the allegations of physical and psychological abuse to be "substantiated", [sic] future investigators for care providers will know that their subjective judgment will have an affect [sic] on their employer's civil liability in Federal court."  Def. Mem. at 11-12.  But beyond vague assertions, Defendant fails to state how a future investigator's knowledge of its employer's possible inclusion in civil discovery would frustrate the privilege's purported purpose, or to what degree.

In any event, Defendant's argument that disclosure would have a chilling effect on future investigations is not well-taken.  An equally reasonable inference could be drawn that

an investigator's knowledge of future disclosure might be beneficial.  An investigator's knowledge that the conduct at issue might implicate the adjudication of federal rights could elevate the matter's importance, incentivizing the investigator to do a more thorough investigation, and further the protection of federal rights interests.  Disclosure also insures that known violators of the rights of some of our most vulnerable citizens – like Mr. Weisenberg who is unable to fully express himself – will not be insulated from liability, and that victims of abuse will not be without remedies afforded under federal law.  *See*, *e.g.*, *Sabharwal v. Mount Sinai Med. Ctr.*, No. 09 Civ 1950, 2011 WL 477693 at *4 (E.D.N.Y. Feb. 4, 2011) (declining protective order for peer review materials because "plaintiff's need for this information to enforce an important federal substantive policy far outweighs any theoretical chilling effect that disclosure of these peer reviews may have" under N.Y. Educ. Law § 6527(3)).  As Defendant describes, in this case, three staff members corroborated the abuse of Ricky Weisenberg by Defendant Edwards, and six staff members denied that they witnessed the abuse.  There is no evidence before the Court that the threat of future disclosure of any underlying investigation materials would have chilled these employees or that it any way impacted their reporting obligations.  In particular here, where the AHRC Report was previously disclosed pursuant to Jonathan's Law, the potential that disclosure of the AHRC investigation materials would chill employees' truthful reporting is even more remote.

Defendant's argument about a potential chilling effect is further undermined by the already-existing exceptions that allow disclosure in certain circumstances.  The N.Y. Educ. § 6527(3) Privilege is not absolute, demonstrating that the New York State legislature recognized that the interests served by the privilege in some cases must succumb to a competing interest in disclosure.  The N.Y. Educ. § 6527(3) Privilege is limited to discovery proceedings governed by

13

N.Y. C.P.L.R. § 3101, and it does not even extend to state criminal proceedings. *See* N.Y. Educ. § 6527(3); *In re Grand Jury Subpoena Duces Tecum*, 272 A.D.2d 214, 215 (N.Y. App. Div. 1st Dep't. 2000) (N.Y. Educ. § 6527(3) Privilege did not apply in criminal proceeding). Certainly, an investigator's knowledge of possible federal civil discovery is no more detrimental to the privilege's purpose of frank peer-reporting than an investigator's knowledge of possible future criminal liability.

The New York State legislature also chose to permit disclosure of materials like the AHRC Report pursuant to N.Y. Mental Hygiene Law §§ 33.23 and 33.25 "or as provided by any other provision of law." Indeed, as stated above, Defendant has *already* disclosed the AHRC Report to Mr. Weisenberg's parents pursuant to N.Y. Mental Hygiene Law §§ 33.23 and 33.25. Many individuals who were interviewed in the course of the investigation have been identified and the substance of what they stated revealed in the AHRC Report. Therefore, precluding discovery into the underlying documents about how the report was prepared, the statements obtained, and any interview notes would not further the purported purpose of any state law privilege that may apply in another forum. And preclusion would substantially undermine the fair adjudication of Plaintiff's claims.

Defendant has not made the requisite showing of specific injury; the court, therefore, "has no choice but to order disclosure," like the federal courts that have analyzed applicability of the privilege before. *White*, 1990 WL 33747 at *6 (quotations omitted). The disclosures Plaintiff seeks would not harm the interest protected by Section 6527 as articulated by Defendant. Precluding disclosure would, however, prevent Plaintiff from obtaining the very evidence needed to prosecute his claims and would undermine the goals of this federal lawsuit to vindicate Ricky Weisenberg's civil rights.

14

### D.    All of Defendant's Authorities Are Distinguishable and Inapposite

Conspicuously absent from Defendant's brief is any federal case, much less one from this Circuit, where a federal court prohibited discovery under the N.Y. Educ. § 6527(3) Privilege in an action brought to vindicate rights under federal law.  Defendant relies exclusively on three New York state cases in support of its claim of privilege, each of which is distinguishable.

First, in each case relied upon by Defendant, the plaintiff asserted only state law claims, not claims under federal law.  *See Katherine F. v. State of New York*, 257 A.D. 2d 539 (N.Y. App. Div. 1st Dep't 1999); *Braithwaite v. State*, 208 A.D.2d 231 (N.Y. App. Div. 1st Dep't 1995); *Finnegan v. State of New York*, 179 Misc. 2d 694 (N.Y. Ct. Cl. 1999).   Here of course, Plaintiff brings claims under federal law in federal court, where the state privilege is recognized as a matter of comity with the state courts, if at all.  Second, in each case, the plaintiff sued only the State of New York, not the individual facility where the injury occurred.  For example, *Braithwaite* addressed a claim against New York State for injuries resulting from wrongful admission to a state facility.  The court considered whether reports generated by the New York Commission on Quality of Care for the Mentally Disabled, rather than documents created at the facility itself, were privileged.  *Braithwaite*, 208 A.D.2d at 233-34.  *Braithwaite* does not consider the propriety of asserting a privilege over facility reports and related material, or over information that had already been disclosed to the plaintiff.  *See id.*; *see also Katherine F.*, 257 A.D.2d at 539-40 (same).

Finally, *Finnegan* addressed a claim for injuries suffered by decedent while at a facility for developmentally disabled individuals.  *Finnegan v. State of N.Y.*, 179 Misc. 2d at 695.  While ultimately concluding that the incident reports at issue were privileged, the court stated that it was bound to reach this conclusion by First Department precedents which adopted a

15

more expansive view of the privilege than some other of New York's other intermediate appellate courts.  *See id.* at 701.  *Finnegan* nevertheless permitted disclosure of the "underlying facts by those participating in incident investigations."  *Id.* at 702-03.  Thus, there is by no means unanimity even amongst New York courts about the scope and applicability of this privilege.  *See Kristen K. v. Children's Hosp. of Buffalo*, 204 A.D.2d 1009, 1010 (N.Y. App. Div. 4th Dep't 1992) (plaintiffs entitled to discover documents relating to hospital's investigation of incident of abuse); *Elmer v. State of New York*, 179 A.D.2d 1000, 1001 (N.Y. App. Div. 4th Dep't 1992) (transcripts relating to an investigation of child abuse incidents were not privileged because they did not result from an internal medical or quality review proceeding).

In accord with federal courts' narrow construction of state law privileges, and the dearth of federal law precedent approving exercise of the privilege, the N.Y. Educ. § 6527(3) Privilege is inapplicable to the critical documents that Plaintiff seeks here.

## III.   DEFENDANT'S RESPONSES TO THE REQUESTS TO ADMIT NO. 12 & NOS. 14-25 SHOULD BE DEEMED ADMITTED

Unrelated to its invocation of any privilege, Defendant also seeks a protective order with respect to a separate sub-set of Plaintiff's discovery requests – Requests to Admit No. 12 and Nos. 14-25 ("Requests").  Defendant claims that the Requests seek legal conclusions and answers to disputed factual issues.  Fed. R. Civ. P. 36(a) permits a party to serve a request for the admission "of the truth ... relat[ing] (A) facts, the application of law to fact, or opinions about either . . . ."  The "[p]urpose of [the] rule pertaining to requests for admissions is to expedite trial by removing essentially undisputed issues, thereby avoiding time, trouble and expense which otherwise would be required to prove issues."  *Diederich v. Dep't of Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990) (internal citations and quotations omitted).  Under Rule 36, a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed

serves on the requesting party a written answer or objection," Fed. R. Civ. P. 36(a), and "[a]

party must not object solely on the ground that the request presents a genuine issue for trial." *Id.*

Defendant raises its objection to these Requests for the first time in the present

motion for a protective order, filed on April 9, 2013, over 80 days after Plaintiff served the

Requests to Admit. Defendant did not serve written responses to the Requests. Defendant also

did not raise these objections in its February 13, 2013 letter to the Court requesting a pre-motion

conference. *See* Dkt. 14. Pursuant to Fed. R. Civ. P. 36(a), because Defendant did not object to

these Requests within thirty days, the Requests are admitted. *See DiNicola v. Frontline Asset*

*Strategies*, 279 F.R.D. 214, 215 (E.D.N.Y. 2012) ("the court need not deem requests to admit

admitted . . . that is the automatic result of a failure to timely respond."); *Stabile v. United*

*Recovery Svcs., L.P.*, No. 11 Civ. 1152, 2011 WL 6448189, at *2 (E.D.N.Y. Dec. 22, 2011)

(same); *U.S. v. Young*, No. 87 Civ. 9159, 1990 WL 135734, at *2 (S.D.N.Y. Sept. 10, 1990)

(same).

Moreover, Defendant's sole objection to the Requests is that they "seek admission

as to legal conclusions and as to factual issues which are clearly in dispute." Def. Mem. at 13.

This is not a proper basis for an objection. The Requests seek admissions that AHRC Nassau

was required to comply with the laws relevant to the present action (Requests Nos. 14, 15 & 23),

received funds pursuant to the Medicaid Act (Request No. 12), operated a place of publicly-

assisted housing accommodation (Requests Nos. 20-22), owed a duty of care to Ricky

Weisenberg (Request No. 24), and certified to the State of New York that it met quality of care

standards pursuant to federal and State laws (Requests Nos. 16-19). Each of these Requests

seeks admission of facts that are within Defendant's knowledge, but would require significant

time, expense, and burden to establish using alternate means of discovery such as document

17

demands or depositions.  As such, the Requests fall squarely within the purpose of Rule 36.  To

the extent that the Requests seek admission to disputed facts, Rule 36 prohibits an objection

solely on that basis.  Fed. R. Civ. P. 36(a)(5).

Courts have routinely rejected the type of objections that Defendant presents here.

*Freydl v. Meringolo*, No. 09 Civ. 7196, 2011 WL 2566079, at *1-3 (S.D.N.Y. June 16, 2011)

(overruling defendants' objections to requests for admissions that asked the defendants to admit

facts at the crux of the breach of contract claim, and some of which were denied by defendants in

their answer); *see also CSC Holdings, Inc. v. Kelly*, 374 F. Supp. 2d 303, 304 (E.D.N.Y. 2005)

(requests for admissions were deemed admitted).

Defendant's objection to the Requests is untimely and unjustified.  Pursuant to

Fed. R. Civ. P. 36, the Requests are deemed admitted.  Alternatively, the Court should compel

the Defendant to answer the Requests because they facilitate the purpose of Rule 36 and are

squarely within the realm of appropriate matters for a request for admission.

## CONCLUSION

AHRC's application for a protective order based on a New York Education Law

privilege should be denied.  The AHRC Report, the heart of the matter that AHRC seeks to

protect from disclosure, has already been produced pursuant to New York's Mental Hygiene

Law.  With respect to the underlying documents, federal – not state – law of privilege controls.

Defendant has come nowhere near to meeting its heavy burden for a protective order for any of

the discovery requests at issue.  No harm will result from disclosure of the information sought

from the Requests to Admit Nos. 4-11, Interrogatory No. 2, and Document Requests Nos. 2-3

and 6-8, much less harm that would justify invoking a limited state law statutory privilege in this

action brought in federal court to vindicate the federal civil rights of a profoundly disabled man.

Finally, Defendant's objection to Requests to Admit No. 12 and Nos. 14-25 must be rejected as

moot – these Requests are already deemed admitted.  In any event, the Requests comport with the form and purpose of Fed. R. Civ. P. 36.  As a result, Defendant's Motion for a Protective Order should be denied in its entirety.

Dated:  April 24, 2013
       New York, New York

                                    EMERY CELLI BRINCKERHOFF
                                    & ABADY LLP

                                    _____/s_____
                                    Ilann M. Maazel
                                    O. Andrew F. Wilson
                                    75 Rockefeller Plaza, 20th Floor
                                    New York, New York 10019

                                    (212) 763-5000

                                    *Attorneys for Plaintiff*