---------------------------------------------X

RICKY WEISENBERG, by and
through his guardians, ELLEN AND
HARVEY WEISENBERG,

                Plaintiff,

-against-

DWAYNE EDWARDS, NYSARC
INC – NASSAU COUNTY CHAPTER
D/B/A AHRC NASSAU,

                Defendants.

---------------------------------------------X

12 Civ. 4874

## DEFENDANT AHRC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION PURSUANT TO RULE 12(b)(6)

Hardin, Kundla, McKeon & Poletto, P.A
Attorneys for Defendant
NYSARC INC. – NASSAU COUNTY
CHAPTER D/B/A AHRC NASSAU
110 William Street
New York, New York 10038

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................ .. i, ii, iii

PRELIMINARY STATEMENT ........................................... ............... 1

FACTS ..…....................................................................................... 1

ARGUMENT . ................................................................................... 2

   I.   Legal Standard .... ................................................................ 2

  II.   The Complaint Fails to Plead a Basis for
       Relief Under the Rehabilitation Act ................................... 3

 III.   Plaintiff's Claims Under the Medicaid Act and Federal
       Nursing Home Reform Act Fail to State a Claim
       Upon Which Relief Can Be Granted .................................... 6

 IV.   The Complaint Fails to State a Cause
       Of Action Under the New York State
       Human Rights Law ........................................................ 8

  V.   Plaintiff's Fourth Cause of Action Under the
       New York City Human Rights Law Fails to
       State a Cause of Action and Should be Dismissed. .................. 10

 VI.   Plaintiff's Causes of Action Based on New York
       State Law Claims are Untimely and Should be Dismissed. ......... 11

 VII.   The State Law Claims against Defendant AHRC
       should be Dismissed for Failure to State a Claim
       under the Theory of Respondeat Superior. ........................... 12

VIII.   Plaintiff's Eighth Claim for Relief for Breach of Fiduciary
       Duty Fails to State a Claim for Relief and should be Dismissed. .. 13

# TABLE OF AUTHORITIES

Page

AG Capital Funding Partners LP v. State Street Bank and Trust
Company, 11 N.Y. 3d 146, 866 N.Y.S. 2d 578 (2008) ………      13

Ain v. Glazer, 257 A.D.2d 422, 683 N.Y.S. 2d 241 (1st Dept. 1999)      11

Balk v. 124 W. 92nd St. Corp., 24 A.D.3d 193
( 1st Dept. 2005) ……………………………………………...      9

Baum v. Northern Dutchess Hospital, 764 F.Supp.2d 410
(N.D.N.Y. 2011) …………………………………………….      6

Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007) …      3

Blessing v. Freestone, 520 U.S.329, 340, 117 S.Ct. 1343,
1359, 137 L. Ed.2d 569 (1997) …………………………….........      7

Brooks v. Key Trust Company National Association,
26 A.D.3d 628, 809 N.Y.S. 2d 270 (3rd Dept. 2006) ……………      14

Dana v. Oak Park Marina, 230 A.D.2d 204, 660 N.Y.S.2d
906 (4th Dept. 1997) ……………………………………………..      11

Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998) …………….      4

Durkin v. Verizon New York, Inc., 678 F.Supp.2d 124
(S.D.N.Y. 2009) ……………………………………………..…      9

Evelyn v. Kings County Hospital Center, 819 F.Supp.183, 198
(E.D.N.Y. 1993) ………………………………………………      6

Golden State Transit Corp. v. Los Angeles, 493 U.S.103,
106, 110 S.Ct. 444, 448, 107 L. Ed.2d 420 (1989) ……………..…      7

Goldin v. Engineers Country Club, 54 A.D.3d 658
(2d Dept. 2008) ………………………………………………      8

Goldner v. Sullivan, 105 A.D.2d 1149, 482 N.Y.S. 2d 606
(4th Dept. 1984) ........................................................... 11

Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009) .................... 4

Hoffman v. Parade Publications, 15 N.Y.3d 285, 933
N.E.2d 744, 907 N.Y.S.2d 145 (2010) ............................... 10

Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007) ...................... 3

Judith M. v. Sisters of Charity Hospital, 93 N.Y.2d 932, 693
N.Y. 2d (67 1999) ...................................................... 12

Kamen v. Steven J. Baum, P.C., 659 F. Supp.2d 402
(E.D.N.Y. 2009) .......................................................... 3

K.M. v. Hyde Park Central Park School Dist., 381
F.Supp.2d 343, 359 (S.D.N.Y. 2005) ................................ 5

Kurtzman v. Bergstol, 48 A.D.3d 588, 835 N.Y.S. 2d 644
(2nd Dept. 2007) ......................................................... 13

Maney v. Corning, Inc., 547 F.Supp.2d 221, 229
(W.D.N.Y. 2007) .......................................................... 9

N.X. v. Carbrini Med. Ctr., 97 N.Y.2d 247, 739 N.Y.S. 2d 348 (2002) 12

Prince v. Dicker, 29 Fed. Appx. 52, 2002 U.S. App. LEXIS 2439
(2nd Cir. 2002) ........................................................... 6

Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp.2d
353, 358 (E.D.N.Y. 2005) ............................................. 2

S.S. v. Eastern Kentucky University, 532 F.3d 445, 453
(6th Cir. 2008) ........................................................... 5

Sims v. Bergamo, 3 N.Y. 2d 531, (1957) ........................... 12

Stewart v. Bernstein, 769 F.2d 1088, 1092 (5th Cir. 1985) ......... 6

Sybalski v. Independent Group Home Living Program,
546 F. 3d 255, 257 (2nd Cir. 2008) ................................... 7

Taylor v. United Parcel Service Inc., 72 A.D.3d 573, 899, N.Y.S. 2d. 12

Totem Taxi, Inc. v. New York State
Human Rights Appeal Board, 65 N.Y.2d 300, 306, 480
N.E.2d 1075, 491 N.Y.S.2d 293 (1985) ............................ 9

Weil, Gotshal and Manges, LLP v. Fashion Botique of Short
Hills Inc., 10 A.D.2d 267, 780 N.Y.S. 2d 593 (1st Dept. 2004) ... 14

Weinreich v. Los Angeles County Metro Transportation Authority,
114 F.3d 976 (9th Cir. 1997) .............................................. 5

Weixel v. Board of Education of New York, 287 F.3d 138,
146 N.6 (2d Cir. 2002) ..................................................... 5

## PRELIMINARY STATEMENT

Defendant NYSARC, Inc. – Nassau Chapter County Chapter d/b/a AHRC Nassau (hereinafter "AHRC") submits this Memorandum of Law in support of its motion to dismiss the complaint pursuant to Rule 12(b)(6). Plaintiff's complaint fails to plead sufficient allegations to present a right to relief.

## FACTS

According to the complaint, Plaintiff Ricky Weisenberg is a fifty-four year old male with severe developmental disabilities. AHRC operates "AHRC Nassau", a residential facility for persons with developmental disabilities located in Nassau County, New York. AHRC maintains an office at 189 Wheatley Road, Brookville, New York. AHRC provides services to approximately 2,200 developmentally disabled individuals. These services include residential services, adult day habilitation and community based services, vocational and employment services, guardianship, family support services and recreational opportunities. AHRC accepts Medicaid payments from these individuals, including Ricky Weisenberg.

Defendant Dwayne Edwards was employed as a direct caregiver by AHRC. His job responsibilities included providing care to Ricky Weisenberg. In approximately April, 2009, AHRC conducted an investigation into a report that Edwards had been abusing Ricky Weisenberg. Several AHRC staff members were

interviewed and corroborated a report that Edwards had been "hitting, plucking, jerking and cursing" at Weisenberg. One staff member told the investigators that Edwards was seen "plucking" the back of Weisenberg's neck. Edwards was reportedly overheard to tell Weisenberg "shut the f*** up, and get in the chair". Another staff member saw Edwards flip his finger on Weisenberg's neck causing Weisenberg to move and make a noise. Another staff member told the investigators that Edwards used inappropriate and disrespectful language. Edwards was observed flipping Weisenberg's ears with his finger. Edwards was overheard calling Weisenberg "the gurgitator". Edwards was also overheard using the term "f***en Jew", "nasty", and "worthless" (presumably in reference to Weisenberg).

Note that the date(s) of these incidents are not alleged in the complaint.

## ARGUMENT

### I.    Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that complaints include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. Rule 8(a)(2). When considering a motion to dismiss under Rule 12(b)(6), "all factual recitations of the complaint must be accepted as true . . . and all reasonable inferences must be made in plaintiffs' favor." Reade-Alvarez v. Eltman, Eltman & Cooper, P.C., 369 F. Supp.2d 353, 358 (E.D.N.Y. 2005). However, although the complaint need not provide detailed

factual allegations, it must amplify a claim with some factual allegations to render the claim plausible. <u>Kamen v. Steven J. Baum, P.C.</u>, 659 F. Supp.2d 402 (E.D.N.Y. 2009). The complaint must provide the grounds upon which the plaintiff's claim rests through factual allegations sufficient to raise a right to relief above the speculative level. <u>Id.</u> "Bald assertions and conclusions of law will not suffice." <u>Id.</u>

In <u>Bell Atlantic Corporation v. Twombly</u>, 127 S.Ct. 1955 (2007), the Supreme Court held that Rule 8(a) requires complaints to allege "enough facts to state a claim to relief that is plausible on its face," or, put otherwise, to "possess enough heft to 'show that the pleader is entitled to relief.' " <u>Id.</u> at 1974. <u>Twombly</u> has been cited by the Second Circuit as establishing a rule of general applicability. <u>Iqbal v. Hasty</u>, 490 F.3d 143 (2d Cir. 2007). In <u>Iqbal</u>, the Second Circuit concluded that <u>Twombly</u> creates a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." <u>Id.</u> at 157-158.

II.     The Complaint Fails to Plead a Basis for
        Relief Under the Rehabilitation Act.

Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, provides:

> No otherwise qualified individual with a disability
> in the United States . . . shall, solely by reason of her
> or his disability, be excluded from the participation in,
> be denied the benefits of, or be subjected to discrimination
> under any program or activity receiving Federal

financial assistance.

To establish a violation of the Rehabilitation Act, a plaintiff must show that (1) he is has a disability within the meaning of the Rehabilitation Act; (2) he is otherwise qualified for the benefit or services sought; (3) he was denied the benefit or services solely by reason of his handicap; and (4) the program providing the benefit or services receives federal financial assistance. Doe v. Pfrommer, 148 F.3d 73, 82 (2d Cir. 1998); see also Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

Here, the complaint and the reasonable inferences which can be drawn from it clearly allege that Plaintiff Ricky Weisenberg is developmentally disabled and thus qualified to receive the types of benefits and services provided by AHRC. However, the complaint fails to plead that Plaintiff was otherwise denied those services solely based on his disability. Indeed, the complaint does not even allege that animus towards Plaintiff's disability was the cause of any of the behavior attributed to defendant Edwards. Further, the complaint does not plead what, if any, benefits or services Plaintiff Weisenberg was denied by AHRC based on his disabilities. In fact, the complaint alleges that Plaintiff and other AHRC consumers received a host of benefits including residential services, adult day habilitation and community based services, vocational and employment services, family support services and recreational opportunities. (Exhibit "1").

It is clear that Plaintiff's complaint sounds in negligence, negligent

supervision and assault, rather than a denial of benefits under the Rehabilitation Act. The purpose and intent of the Rehabilitation Act is to create equal access to services among similarly situated individuals, and did not create an enforceable standard of care. See <u>Weinreich v. Los Angeles County Metro Transportation Authority,</u> 114 F.3d 976 (9th Cir. 1997); <u>Harris v. Mills, supra</u>. Here, Plaintiff's allegations are clearly based on the quality of services he received, and not on access to or deprivation of services based on his disability. Indeed, any claim that AHRC denied Plaintiff benefits or services based on his disability would be "beyond tenuous" in light of AHRC's sole purpose, i.e., to provide services to the developmentally disabled. <u>Doe v. Pfrommer</u>, 148 F.3d at 82.

Further, the complaint does not allege any acts or omissions on the part of AHRC other than conducting its investigation of reported abuse by Edwards. Accordingly the complaint does not plead a factual basis for AHRC's vicarious liability. The pleading requirements of § 504 and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, are the same. <u>Weixel v. Board of Education of New York</u>, 287 F.3d 138, 146 N.5 (2d Cir. 2002). In order to impose liability on AHRC for defendant Edwards' abuse of Plaintiff, the Plaintiff would need to plead and prove that AHRC was deliberately indifferent to that abuse. <u>K.M. v. Hyde Park Central Park School Dist.</u>, 381 F.Supp.2d 343, 359 (S.D.N.Y. 2005); <u>S.S. v. Eastern Kentucky University</u>, 532 F.3d 445, 453 (6th Cir. 2008).

Here, the complaint fails to allege that AHRC did anything to aid, abet or condone defendant Edwards' behavior. The complaint similarly fails to allege that AHRC was willfully ignorant of reports concerning Edwards' abuse of Plaintiff. In fact, the complaint alleges the opposite – that AHRC learned of reports of Edwards' behavior and thereupon launched an investigation.

III.   Plaintiff's Claims Under the Medicaid Act and Federal
       Nursing Home Reform Act Fail to State a Claim
       Upon Which Relief Can Be Granted.

Plaintiff's second cause of action asserts claims based on the Medicaid Act, 42 U.S.C. § 1396 et seq., and the Federal Nursing Home Reform Act, 42 U.S.C. § 1396r. Both claims suffer from a common defect as neither statute provides a private cause of action for their alleged violation.   Evelyn v. Kings County Hospital Center, 819 F.Supp.183, 198 (E.D.N.Y. 1993) (Medicaid Act 42 U.S.C. § 1396 et seq. does not confer an enforceable statutory right);   Stewart v. Bernstein, 769 F.2d 1088, 1092 ( 5th Cir. 1985)( Medicaid Act 42 U.S.C. § 1396-1396q and its implementing regulations do not confer substantive rights enforceable in civil proceedings); Prince v. Dicker, 29 Fed. Appx. 52, 2002 U.S. App. LEXIS 2439 (2nd Cir. 2002)(the Federal Nursing Home Reform Act's provisions do not confer a right of action that can be enforced against a private nursing home); Baum v. Northern Dutchess Hospital, 764 F.Supp.2d 410 (N.D.N.Y. 2011)(there is no

explicit federal private cause of action promulgated by the Federal Nursing Home Reform Act ).

Of course, 42 U.S.C. § 1983 provides a cause of action to a plaintiff against anyone who, under color of state law, deprives a person of any rights, privileges, or immunity, secured by the Constitution and the laws of the United States. Here, the complaint fails to state a cause of action under § 1983.

A claim under § 1983 must be based upon an alleged "violation of a federal right, not merely a violation of federal law". Blessing v. Freestone, 520 U.S. 329, 340, 117 S.Ct. 1343, 1359, 137 L. Ed.2d 569 (1997). Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106, 110 S.Ct. 444, 448, 107 L. Ed.2d 420 (1989). Further, to establish the violation of a federal right the Plaintiff must (1) identify a specific statutory provision which the Congress intended to benefit the plaintiff, (2) demonstrate that the right asserted is not so vague and amorphous that its enforcement would strain judicial competence and (3) demonstrate that the statute unambiguously imposes a binding obligation on the State. Blessing v. Freestone, supra. Furthermore, to state a claim under § 1983, the plaintiff must allege that the violation of her rights was committed by a person acting under color of state law. Sybalski v. Independent Group Home Living Ptrogram, 546 F. 3d 255, 257 (2nd Cir. 2008).

Here, the complaint does not allege any facts by which AHRC could be

considered a state actor. Nor could Plaintiff plausibly plead any such facts as private institutions like hospitals and nursing homes (and AHRC's facility in this case) generally do not act under color of State law. See Sybalski, supra.; Baum, supra. Defendant Edwards' conduct, albeit heinous, was quintessentially private, and accordingly, the second cause of action should be dismissed.

IV.   The Complaint Fails to State a Cause
      Of Action Under the New York State
      Human Rights Law.

New York Executive Law § 296 makes it an unlawful discriminatory practice to refuse housing accommodations to any person because of that person's actual or perceived race, creed, color, national origin, gender, age, disability, sexual orientation, marital status, alienage, age or citizenship status. This provision applies to those who provide public or private housing accommodations.

Conclusory assertions unsupported by factual allegations are insufficient to state a claim under the New York State Human Rights Law (NYSHRL). See Goldin v. Engineers Country Club, 54 A.D.3d 658 (2d Dept. 2008). In the instant action, Plaintiff has failed to allege any factual allegations by which it can be reasonably inferred that Edwards' conduct was motivated by Plaintiff's disability or that Plaintiff was treated differently than any of the other developmentally disabled residents of the home in which he resided. Therefore, Plaintiff's wholly conclusory allegations are patently insufficient to state a claim under the New

York State Human Rights Law (NYSHRL).

NYSHRL does not establish a "general civility code". <u>Maney v. Corning, Inc.</u>, 547 F.Supp.2d 221, 229 (W.D.N.Y. 2007). Edwards alleged conduct may be reprehensible. However, the complaint does not allege that he suffered any physical injury as a result. Further, the complaint does not allege the number of incidents of teasing and being called names that Plaintiff was subjected to, or over what period of time they occurred. Accordingly, the complaint does not allege sufficient facts by which it could be reasonably inferred that Edwards' conduct was sufficiently severe and pervasive, as opposed to a few isolated incidents. <u>Maney, supra</u>; <u>Balk v. 124 W. 92nd St. Corp.</u>, 24 A.D.3d 193 ( 1st Dept. 2005).

The complaint also fails to allege any facts to suggest what accommodations or benefit of accommodations Plaintiff was denied as a result of Edwards' conduct. Indeed, the clear inference from the complaint is that Plaintiff has and continues to reside at AHRC – Nassau.

Finally, there are no facts alleged by which AHRC could be held vicariously liable for defendant Edwards' conduct under the statute. Under the NYSHRL, an employer cannot be held liable for an employee's acts unless the employer encouraged, condoned or approved those acts. <u>Totem Taxi, Inc. v. New York State Human Rights Appeal Board</u>, 65 N.Y.2d 300, 306, 480 N.E.2d 1075, 491 N.Y.S.2d 293 (1985); <u>Durkin v. Verizon New York, Inc.</u>, 678 F.Supp.2d 124 (S.D.N.Y.

2009). Plaintiff's complaint does not allege that AHRC knew of defendant Edwards' conduct while it was going on, or upon learning of that conduct, failed to remedy the situation promptly. The complaint does not even allege that, upon learning of a report of abuse, AHRC was dilatory in the conduct of its investigation. Accordingly, the third cause of action under the NYSHRL should be dismissed.

> V. Plaintiff's Fourth Cause of Action Under the
> New York City Human Rights Law Fails to
> State a Cause of Action and Should be Dismissed.

Plaintiff's claim under the New York City Human Rights Law, N.Y.C. Administrative Code § 8-107 et seq., suffers the same deficiencies as the claim under the State statute. In addition, the complaint fails to allege any facts which would implicate the jurisdiction of the New York City statute. The complaint alleges that Plaintiff resides at an AHRC run residential facility in Nassau County. The complaint further alleges that defendant Edwards is a resident of Nassau County, and that AHRC maintains offices in Brookville, New York. There is no allegation that Edwards or AHRC's allegedly discriminatory conduct had any impact within the five boroughs of New York City. Accordingly, the fourth cause of action under the New York City Human Rights Law should be dismissed. Hoffman v. Parade Publications, 15 N.Y.3d 285, 933 N.E.2d 744, 907 N.Y.S.2d

145 (2010).

      VI.    Plaintff's Causes of Action Based on
            New York State Law Claims are Untimely
            and Should be Dismissed.

The Complaint asserts the following causes of action pursuant to New York

State common law:  assault and battery (fifth claim for relief); intentional infliction

of emotional distress (sixth claim for relief); negligent

hiring/training/supervision/discipline/staffing/retention (seventh claim for relief);

and breach of fiduciary duty (eighth claim for relief).  As illustrated below, all of

these claims are time barred pursuant to the applicable statute of limitations.

As stated above, the Complaint fails to set forth any of the dates of co-

defendant Edwards' alleged misconduct.  Nonetheless, it does state that Defendant

AHRC's investigation of that misconduct occurred in April of 2009.  The

Complaint was filed on October 1, 2012.  Clearly,  over three years have passed

between the alleged misconduct and the filing of this Complaint.

The fifth claim for relief (assault and battery) and sixth claim for relief

(intention infliction of emotional distress) are both intentional torts and subject to

the one year statute of limitations set forth in CPLR §215(3).  See Goldner v.

Sullivan, 105 A.D.2d 1149, 482 N.Y.S. 2d 606 (4th Dept. 1984); Ain v. Glazer, 257

A.D.2d 422, 683 N.Y.S. 2d 241 (1st Dept. 1999); Dana v. Oak Park Marina, 230

A.D.2d 204, 660 N.Y.S.2d 906 (4th Dept. 1997).  Therefore, these actions are clearly time barred.

The seventh claim for relief based on negligent hiring (etc.) and eighth claim for relief based on a breach of fiduciary duty are both claims for personal injury, and governed by the three year statute of limitations set forth in CPLR §214(5). Therefore, those claims are also time barred.

      VII.   The State Law Claims against Defendant
              AHRC should be Dismissed for Failure
              to State a Claim under the Theory of
              Respondeat Superior.

Under the theory of respondeat superior, an employer is liable for its employee's tortious acts when the conduct was ordinarily foreseeable and was an incident of the employment.  N.X. v. Cabrini Med. Ctr., 97 N.Y.2d 247, 739 N.Y.S. 2d 348 (2002); Judith M. v. Sisters of Charity Hospital, 93 N.Y.2d 932, 693 N.Y. 2d 67 (1999).  An employer may be responsible for the intentional torts of an employee if that conduct was committed in furtherance of the employer's interests. Sims v. Bergamo, 3 N.Y. 2d 531 (1957).  However, an employer is not liable for violent acts unless they were within the scope of employment and the defendant employer condoned, authorized or instigated them.  Taylor v. United Parcel Service Inc., 72 A.D.3d 573, 899 N.Y.S. 2d. 223 (1st Dept. 2010).

The only stated basis for Defendant AHRC's vicarious liability is AHRC's responsibility for Edwards' wrongdoing under the doctrine of respondeat superior. Nowhere in the Complaint is there any allegation or assertion that the alleged abuse of Ricky Weisenberg (plucking him in the back of the neck, hitting him in the head, neck cursing at him, and calling him names) was in any way within the scope of Edwards' employment. In fact, the Complaint establishes the exact opposite, as these actions were the subject of AHRC Nassau's internal investigation substantiating allegations of physical and psychological abuse. Therefore, the Plaintiff has failed to state a claim for relief against Defendant AHRC under the theory of respondeat superior.

> VIII. Plaintiff's Eighth Claim for Relief for
> Breach of Fiduciary Duty Fails to State
> a Claim for Relief and should be Dismissed.

In order to establish a breach of fiduciary duty, a Plaintiff must prove the existence of a fiduciary relationship, misconduct by the Defendant, and damages that were directly caused by the Defendant's misconduct. Kurtzman v. Bergstol, 48 A.D.3d 588, 835 N.Y.S. 2d 644 (2nd Dept. 2007). A fiduciary relationship exists between two persons when one of them is under a duty to act for, or give advice for, the benefit of another upon matters within the scope of that relation. AG Capital Funding Partners LP v. State Street Bank and Trust Company, 11 N.Y. 3d 146, 866 N.Y.S. 2d 578 (2008). In determining whether a fiduciary relationship

exists, the essential elements of such a relationship include reliance, de facto control and dominance. <u>AG Capital Funding Partners LP v. State Street Bank and Trust Company</u>, supra.

However, a claimant cannot simply attach a breach of fiduciary duty claim to an action clearly based on other grounds. For example, there is no claim for breach of fiduciary duty when it is based upon the same facts and theories as the breach of contract claim. <u>Brooks v. Key Trust Company National Association</u>, 26 A.D.3d 628, 809 N.Y.S. 2d 270 (3rd Dept. 2006). Also, a claim for breach of fiduciary duty may not be maintained where it merely states a malpractice claim and seeks identical relief. <u>Weil, Gotshal and Manges, LLP v. Fashion Boutique of Short Hills Inc.</u>, 10 A.D.2d 267, 780 N.Y.S. 2d 593 (1st Dept. 2004).

The allegations against defendant AHRC clearly sound in negligent supervision. In this case, the breach of fiduciary duty claim is simply a restatement of the negligent supervision claim, and is thus improper pursuant to the <u>Brooks v. Key Trust Company National Association</u> and <u>Weil, Gotshal and Manges, LLP v. Fashion Boutique of Short Hills Inc.</u> cases.

Nonetheless, the Plaintiff is asserting the novel claim that a fiduciary relationship existed between the Plaintiff and Defendant AHRC. The sole allegation in the Complaint supporting that assertion is as follows: "Each defendant has a fiduciary duty to plaintiff to act in good faith, trust, and candor

towards him". This is a bald, conclusory statement devoid of any substance, and thus insufficient to establish a prima facie case. Also, it misstates the elements that establish a fiduciary relationship, i.e. reliance, control, and dominance.

Furthermore, it is clear from the remaining allegations of the Complaint that there was no fiduciary relationship between these parties. Rather, the Complaint clearly states that AHRC Nassau is a private organization serving the disabled and regulated by New York State. The Plaintiff Ricky Weisenberg was a developmentally disabled adult who lived in one of the Intermediate Care Facilities operated by AHRC Nassau. His parents, Ellen and Harvey Weisenberg were and are his guardians. In fact, Harvey Weisenberg is a New York State assemblyman and one of the leading advocates for the rights of the disabled. Thus, the relationship between the Weisenbergs and Defendant AHRC was clearly an arms length relationship with none of the indicia of reliance, dominance or control required for a fiduciary relationship. Therefore, the Plaintiff has failed to state a claim for relief under the eighth claim for relief.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint fails to plead sufficient allegations to present a right to relief against Defendant AHRC and should be dismissed pursuant to Rule 12(b)(6).

Dated: New York, New York
      June 11, 2013

                         Respectfully submitted,
                         HARDIN, KUNDLA, MCKEON & POLETTO, P.A.
                         Attorneys for Defendant NYSARC Inc.-
                         Nassau County chapter, d/b/a/ AHRC Nassau
                         110 William Street
                         New York, New York 10038
                         (212) 571-0111

                         By: _____
                           David C. Blaxill, Esq.(DB 7097)